**Mrs. Elsie J. BOWMAN, Individually and for the use and benefit of Cynthia Ann Bowman and Linda Kay Bowman, Appellant,**

v.

**KERR–McGEE OIL INDUSTRIES, Inc., Appellee.**

No. 17974.

United States Court of Appeals Fifth Circuit.

Jan. 26, 1960.

Jack W. Thomson, Jr., New Orleans, La., for appellant.

H. L. Hammett, Hammett & Bertel, New Orleans, La., for appellee.

Before RIVES, Chief Judge, and JONES and BROWN, Circuit Judges.

PER CURIAM.

This action was for damages from the death of Mrs. Bowman's husband allegedly resulting from the negligence of the defendant in failing to provide him reasonable medical care after he had suffered a heart attack while working on an offshore oil drilling rig owned by the appellee. The appellee raised no question as to its responsibility to exercise due diligence to furnish such care.

The attack occurred about 9:00 a. m. The Coast Guard was contacted promptly, and it sent a helicopter to the scene, but did not send a doctor. No attempt was made to remove Mr. Bowman by helicopter. It was about 1:15 p. m. before a doctor finally reached Mr. Bowman, and her examination revealed that he had died within the past one or two hours. The defendant moved for a directed verdict, but the plaintiff made no such motion. The case was submitted on special interrogatories, the first of which read as follows: "Did the defendant fail in its duty of reasonable care?" The jury's answer to this question was "no," and, accordingly, it did not answer the remaining interrogatories. The sole ruling

under attack is the denial of plaintiff's motion for a new trial.

■■ The action of the district court in denying a new trial is subject to review only for abuse of discretion "to nullify a seriously erroneous result and to prevent a miscarriage of justice." Whiteman v. Pitrie, 5 Cir., 1955, 220 F.2d 914, 919. While the jury did not reach the separately submitted question of proximate cause, there was substantial evidence that Mr. Bowman's life could not have been saved unless he had been in a hospital bed when the attack occurred. Clearly the question of whether the efforts to secure medical aid were reasonable, under all of the circumstances and evidence in the case, was a factual one for the jury. Under the applicable standard of review, the judgment must be, and it is affirmed.